UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDIE DENVER WHEELER,

      Petitioner,    CASE NO.: 04-CV-40344
                                CRIM. NO.: 00-CR-50032
vs.
                                HON. PAUL V. GADOLA
                                MAG. JUDGE WALLACE CAPEL, JR.

UNITED STATES OF AMERICA,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

    This matter is before the Court on Petitioner Audie Wheeler's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," and Brief in Support thereof, filed on November 29, 2004 (hereinafter "Petitioner's Motion" and "Petitioner's Brief," respectively). Respondent, the United States of America, filed an "Answer and Brief in Response to Motion Under 28 U.S.C. § 2255," on January 26, 2005 (hereinafter "Respondent's Brief"). Petitioner filed a "Reply Brief in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," on February 9, 2005 (hereinafter "Petitioner's Reply").

**II.    FACTS AND PROCEDURAL HISTORY**

    Petitioner seeks to reduce his three hundred and sixty-five month prison sentence imposed by the district court on May 24, 2001,[1] following a jury trial and verdict on October 26, 2000.[2] On June 7, 2001, Petitioner filed a timely direct appeal to the Sixth Circuit Court of Appeals, and on May 29,

---

[1] Petitioner's sentencing began on February 23, 2001, and continued on May 24, 2001.

[2] See [Docket Entry No. 95].

1

2003, the Sixth Circuit issued an opinion affirming the district court's conviction and holding that there was

> no evidence on the record regarding the attorney's trial performance in general, and no specific evidence regarding the attorney's decision not to file a renewed motion for acquittal on all charges. Accordingly, we will defer review of these claims to a post-conviction proceeding in order to allow the record to be more fully developed. See also United States v. Aguwa, 123 F.3d 418, 423 (6th Cir.1997) ("Our court has routinely concluded that such claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255.").

United States v. Wheeler, 67 Fed.Appx. 296, 308 (6th Cir. 2003) (unpublished). On December 1, 2003, the United States Supreme Court denied certiorari. Wheeler v. United States, 540 U.S. 1051, 124 S.Ct. 855 (2003) (mem.).

Petitioner's § 2255 Motion alleges that he was: (1) denied his Sixth Amendment right to effective assistance of counsel; and (2) denied his Sixth Amendment right to trial by jury.[3] Specifically, Petitioner alleges that his counsel was ineffective for failing "to develop a reasonable trial strategy, allow[ing] petitioner to be portrayed as a cocaine dealer involved with a violent street gang, and fil[ing] a frivolous motion for new trial based on a bogus affidavit."[4] Further, Petitioner alleges that his sentencing guidelines should have been no more than one hundred and sixty-two months.[5] In its Answer, the United States of America contends that Petitioner's Motion is without merit.[6] In Petitioner's Reply to the Respondent, he essentially reiterates his prior claims.[7]

---

[3] Audie Wheeler's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," and Brief in Support Thereof, filed on November 29, 2004 (hereinafter "Petitioner's Motion" and "Petitioner's Brief," respectively).

[4] Petitioner's Motion at page 5.

[5] Petitioner's Motion at page 5.

[6] Respondent's "Answer and Brief in Response to Motion Under 28 U.S.C. § 2255," filed January 26, 2005 (hereinafter "Respondent's Brief").

[7] Petitioner's "Reply Brief in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed February 9, 2005 (hereinafter "Petitioner's

### III.     STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect of influence on the proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722 (1993).  To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)(citing Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962)).  Section 2255 requires that a district court hold an evidentiary hearing[8] to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see also Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).

### IV.     ANALYSIS

#### A.     Ineffective Assistance of Counsel

Petitioner's claim regarding ineffective assistance of counsel is timely.  He raised same on direct appeal and the Sixth Circuit recognized the following in deferring review:

> "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." United States v. Daniel, 956 F.2d 540, 543 (6th Cir. 1992); see also Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding).

U.S. v. Foster, 376 F.3d 577, 593 (6th Cir. 2004).

---

Reply").

[8]The Court has determined that an evidentiary hearing is not necessary in this case.

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. Strickland v. Washington, 466 U.S. 668, 693 (1984). "If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient." United States v. Boyd, 259 F.Supp.2d 699, 705 (W.D.Tenn. 2003) (citing Strickland, 466 U.S. at 697). Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation. United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995). Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. O'Hara v. Wigginton, 24 F.3d 823, 827 (6th Cir. 1994).

Petitioner alleges that his counsel was ineffective in three respects.[9] First, Petitioner argues that his "[t]rial counsel failed to fully develop a reasonable trial strategy to challenge the charge of conspiring to distribute controlled substances."[10] Second, he argues that "trial counsel allowed petitioner to be portrayed as a cocaine dealer involved with a violent street gang."[11] Third, he argues that trial counsel failed to file a proper motion for new trial "challenging the conspiracy conviction."[12]

### 1. Trial Strategy

Petitioner argues that trial counsel should have attempted to "persuade[] the jury that petitioner merely conspired to distribute small quantities of marijuana."[13] Petitioner asserts that this constituted

---

[9]Petitioner's Brief at pages 3-16.

[10]Petitioner's Brief at pages 4-5.

[11]Petitioner's Brief at pages 5-8.

[12]Petitioner's Brief at pages 8-16.

[13]Petitioner's Brief at page 4.

4

ineffective assistance of counsel because "[a] reasonably competent trial attorney would have recognized this strategy."[14] Further, Petitioner states that the problem is that his counsel only visited him once prior to trial and ignored his questions about a strategy regarding the conspiracy charge and also failed to follow up on potential testimony by Brandon Nelson, Mark Lakey, Ray Barker and Patricia Jimenez that would rebut the charges regarding large quantities of cocaine and marijuana.[15]

Respondent points out that Petitioner offered testimony of five people at trial that stated "that they had not known petitioner to have possessed drugs or only had minimal culpability with regards to them."[16] First, the testimony offered at trial does show that witnesses were brought forth consistent with a strategy to offer testimony of distribution of small quantities of marijuana.[17] Second, as Respondent points out, Petitioner only attached the affidavit of one of the listed potential witnesses, Patricia Jimenez.[18]

Respondent points out that the evidence offered in her affidavit is cumulative when compared to that of Tiara Tatro; and further, that it may have been prejudicial to offer the testimony of Patricia Jimenez "in the eyes of jurors believing in monogynous-type relationships."[19] Petitioner argues that such a discussion "is clearly beyond the scope of this case."[20] However, the undersigned is not

---

[14] Petitioner's Brief at page 4.

[15] Petitioner's Brief at page 5.

[16] Respondent's Brief at pages 11-12 (citing Terry Krzyminski, Vol. 8, 10/18/00 at Tr. 134-53, particularly at Tr. 138-40; Jeffery Blakely, Vol. 8, 10/18/00 at Tr. 154-84, particularly at Tr. 160-61; Marcus Funches, Vol. 9, 10/19/00 at Tr. 12-41, particularly at Tr. 15-18; Brain Brochu, Vol. 9, 10/19/00 at Tr. 41-98, particularly at Tr. 44-45; and Tiara Tatro, Vol. 10, 10/20/00 at Tr. 19-106, particularly at Tr. 34-40 and 45).

[17] Id.

[18] Respondent's Brief at page 12.

[19] Id.

[20] Petitioner's Reply at page 3.

5

convinced that choosing not to portray Petitioner as philandering and promiscuous is not sound trial strategy. Regardless, trial counsel had no obligation to interview witnesses or have same testify if such evidence would not exculpate Petitioner or same would be cumulative. Millender v. Adams, 376 F.3d 520, 527 (6th Cir. 2004) ("A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." (citations omitted)); see also United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995) (holding that failure to supply cumulative evidence is not ineffective assistance of counsel).

As to the other witnesses named by Petitioner, he has not supplied affidavits from same.[21] Therefore, the undersigned needs to evaluate the effectiveness of counsel in failure to interview or call such witnesses. As in Tinsley v. Million, 399 F.3d 796, 810 (6th Cir. 2005), Petitioner

> has not introduced affidavits or any other evidence establishing what they would have said. At the evidentiary hearing, he claimed to have affidavits that simply indicated that they would have testified. In the absence of any evidence showing that they would have offered specific favorable testimony, [Petitioner] cannot show prejudice from counsel's strategy recommendation not to introduce this evidence.

Further, he simply stated in his brief that the additional individuals "could rebut the Government's assertions that petitioner dealt large quantities of cocaine and marijuana pursuant to an agreement with others, and who could bring into question the veracity of the Government's testifying informants."[22] Again, this evidence would be cumulative.[23] Therefore, Petitioner has failed to show ineffective assistance of counsel.

---

[21] Although, Petitioner asserts what the testimonies would have been at the time of trial by Brandon Nelson, Mark Lakey, Tracy Lamson, and Ray Barker, he does not provide affidavits in support of same. Petitioner's Reply Brief at pages 3-4. In his initial § 2255 Motion, Petitioner does not list Tracy Lamson.

[22] Petitioner's Brief at page 5.

[23] See, infra, at page 5, n. 16.

### 2. Cocaine Dealer and Violent Street Gang

Next, Petitioner asserts trial counsel allowed him to be portrayed as a cocaine dealer by introducing evidence that he was incarcerated for two years for dealing cocaine.[24] Further, Petitioner argues that trial counsel failed to object in a timely manner regarding references to Petitioner's involvement with a well known gang from the East side of Flint.[25]

First, as Respondent properly points out, Petitioner may not relitigate issues decided on direct appeal.[26] Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). The Sixth Circuit stated that although the testimony regarding the gang involvement was prejudicial and the trial court erred in admitting same, it held that

> [t]here was extensive evidence that Wheeler was involved in a drug conspiracy with several people and that he ran a marijuana operation from his various residences. Moreover, no further testimony on the subject of gang involvement or graffiti was introduced and the other evidence of Wheeler's guilt, e.g., the witnesses' testimony and evidence seized from his residence, would tend to show that the error was harmless. Accordingly, we find that the introduction of this evidence did not materially affect the verdict in this case and therefore the district court did not err in admitting the sheets of paper into evidence.

Wheeler, 67 Fed.Appx. at 300. Therefore, the issue has already been litigated and decided by the Sixth Circuit on direct appeal; therefore, it will not be discussed further here. Further, although Petitioner raises it here under the guise of ineffective assistance of counsel, which the Sixth Circuit did not decide on the merits,[27] it nevertheless fails. The claim fails because Petitioner cannot show prejudice because

---

[24] Petitioner's Brief at page 6.

[25] Petitioner's Brief at page 7.

[26] Respondent's Brief at pages 16 and 28.

[27] "[Petitioner] cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Clemons v. United States, 2005 WL 2416995, *2 (E.D.Tenn. 2005) (slip copy) (citing, e.g., DuPont v. United States, 76 F.3d 108, 110 (6th Cir.1996).

the Sixth Circuit found that "the introduction of this evidence did not materially affect the verdict in this case." Id.

Second, counsel was not ineffective in bringing forth Petitioner's previous conviction for dealing cocaine. Petitioner argues that counsel could have brought forth evidence that he was imprisoned without reference to the exact conviction. However, again Petitioner has not shown that he was prejudiced under the second prong of Strickland. While Petitioner argues that this evidence "failed to benefit him in any meaningful manner,"[28] Respondent points out that trial counsel used the prior conviction and subsequent imprisonment to prove that Petitioner could not have been dealing drugs during the times he was imprisoned.[29] The jury acquitted Petitioner of the charge that he was involved in a cocaine trafficking conspiracy. Thus, Petitioner was not prejudiced in this regard.

### 3. Motion for New Trial

Petitioner also argues that trial counsel was ineffective because after filing a Motion for New Trial with an improper affidavit, he then withdrew same.[30] Petitioner argues that a properly filed Rule 33 Motion for New Trial attacking the overbreadth of Count 1 of the fifth superseding indictment would have had a "reasonable chance of success," and "petitioner may have received a substantial reduction in his sentence."[31]

Petitioner argues that had trial counsel "accepted the Court's invitation to submit a brief formally moving for a new trial based on reasonable grounds, petitioner's exposure under count I would have been reduced. Trial counsel's choice to instead file a frivolous motion based on bogus

---

[28] Petitioner's Brief at page 6.

[29] Respondent's Brief at page 15.

[30] Petitioner's Brief at pages 8-10.

[31] Petitioner's Brief at pages 10-16.

supporting documents cost petitioner years of additional prison time."[32] Although the Honorable Judge Paul V. Gadola did state that trial counsel was welcome to "submit more authority in - - in the form of a motion for a new trial," this "invitation" was simply a proper means by the district court of advising opposing counsel of his right to follow that procedure. In fact, Judge Gadola stated, "[c]ertainly you've got that right to do that."

Further, Petitioner argues that trial counsel stated "that he 'would not be filing another motion to dismiss or any other motion,'" and that the district court "appear[ed] to have noted this fact by concluding that counsel 'abandoned the effort altogether.'"[33] However, Petitioner takes the district court's statement out of context. The district court's Order dated August 15, 2001, regarding same states that "the Court notes that in spite of the alleged quantity of evidence and gravity of the claims underlying this fiasco, [trial counsel] has not sought to correct the motion with reliable and credible support but, from all outward appearances, has abandoned the effort altogether."

Although, trial counsel's actions in filing a frivolous Motion for New Trail showed deficient performance, this action, or lack thereof, does not necessarily satisfy the prejudice prong on the Strickland test. The burden is on Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id. at 697.

---

[32]Petitioner's Reply at pages 7-8. See also Petitioner's Brief at pages 16-17.

[33]Petitioner's Brief at page 10.

Therefore, it is not necessary to determine with any certainty whether Petitioner's counsel's performance fell below the objective standard of reasonableness in filing the frivolous Motion for New Trial. Rather, the inquiry becomes whether Petitioner was prejudiced by same. Id. Petitioner acknowledges that Judge Gadola held that in responding to trial counsel's Rule 29 Motion for Acquittal,[34] regarding Count 1, that "[t]here was evidence in my estimation of a - - sufficient to go to the jury on a conspiracy to distribute both cocaine and marijuana. . . . So it seems to me that the - - that the verdict is appropriate and it should stand under those circumstances." (Jury Trial Volume 14, October 26, 2000, pp. 45-6). When trial counsel made his Motion for Acquittal, he argues that "Count 1 should be dismissed." (Jury Trial Volume 12, October 24, 2000, p. 6). He specifically argues that the indictment claimed conspiracy from 1994 to the present. (Jury Trial Volume 12, October 24, 2000, p. 23). Judge Gadola then took the motion for judgement of acquittal on Count 1 under advisement until after the jury's verdict. (Jury Trial Volume 12, October 24, 2000, p. 29, Jury Trial Volume 14, October 26, 2000, p. 46). Judge Gadola summarized trial counsel's argument as follows, and trial counsel affirmed same: "your argument is that the date on the - - the date of the indictment is too far removed from the - - from the evidence in the case on the marijuana conspiracy." (Jury Trial Volume 14, October 26, 2000, p. 44).

> The undersigned is aware that a Motion for Acquittal differs from a Motion for New Trial.
>
> A Motion for Acquittal and a Motion for New Trial based on the ground that the verdict is against the great weight of the evidence are governed by very different standards. The Motion for New Trial involves a much broader standard of review than a Motion for Acquittal. A verdict may well be against the great weight of the evidence, but, nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt. In a Motion for New Trial, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that he/she sits as a thirteenth juror. Nevertheless, granting a Fed.R.Crim.P. 33 Motion for New Trial attacking the weight of the evidence is a discretionary matter.

---

[34] Petitioner's Brief at page 8.

United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988). Judge Gadola would have been able to weigh both the credibility of witnesses and the evidence with a Motion for New Trail, something he acknowledged an inability to do with the Motion for Acquittal. (Jury Trial Volume 14, October 26, 2000, pp. 41-42). However, a district court should "exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict" when determining whether to grant a Motion for New Trial. Ashworth, 836 F.2d at 266. It is important to remember, as previously stated, that the Sixth Circuit Court of Appeals also held that "[t]here was extensive evidence that Wheeler was involved in a drug conspiracy with several people and that he ran a marijuana operation from his various residences." Wheeler, 67 Fed.Appx. at 300. In United States v. Taylor, 2005 WL 2372037, (W.D. Mich. 2005) (slip copy), the district court found that trial counsel's decision not to file a motion for new trial at all, where it would be futile, was not ineffective assistance of counsel.

Additionally, Petitioner argues that trial counsel's error should be looked at cumulatively;[35] however, for the aforementioned reasons, each of his ineffective counsel claims fail. Second, he argues that trial "counsel's wasted efforts on the frivolous motion for new trial precluded him (perhaps based on fear of punishment by the Court) from mounting a meaningful challenge to petitioner's conspiracy conviction."[36]

Petitioner argues that Respondent fails to address the ineffective assistance of counsel claim in this regard by "focus[ing] on procedural considerations," rather than the constitutional challenges to the indictment and special verdict form.[37] However, Respondent pointed out that not "every member of a conspiracy needed knowledge of every member," relating to the constitutional challenge

---

[35]Petitioner's Brief at page 10.

[36]Id.

[37]Petitioner's Reply at page 6.

to the indictment. United States v. Lloyd, 10 F.3d 1197, 1210 (6th cir. 1993). Further, Respondent did argue that the special verdict form was proper under United States v. Dale, 178 F.3d 429, 431 (6th Cir. 1999).

Additionally, the undersigned notes that contrary to Petitioner's argument that "the Government primarily focuse[d] on procedural considerations," in response to the Motion under § 2255,[38] it appears that Petitioner does try to relitigate issues already decided by the Sixth Circuit. Jones, 178 F.3d at 796. Petitioner appears to try to relitigate these issues under the guise of ineffective assistance of counsel claims, that under normal circumstances would not be procedurally barred. Specially, he argues about the amount of marijuana charged in the indictment and on the verdict form and testimony from Haley, among others. Again, "[Petitioner] cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Clemons, 2005 WL 2416995, *2 (citing, e.g., DuPont, 76 F.3d at 110.)

Under the guise of ineffective assistance of counsel, Petitioner argues that "evidence does not establish the broad agreement charged by the Government," and that "[t]he evidence presented to the jury was insufficient to establish the distribution of 100 kilograms of marijuana."[39] Specifically, the Sixth Circuit held that although

> Defendant argues that, based on the testimony of witnesses and the evidence seized, the Government is unable to prove that he conspired to distribute over 100 kilograms of marijuana. . . .[however,] [t]here was extensive evidence that Wheeler was involved in a drug conspiracy with several people and that he ran a marijuana operation from his various residences. . . [b]oth the jury and the district court accepted the Government's argument that Haley was acting as Wheeler's bodyguard in his drug operations and that he was not only Wheeler's customer but an integral part of Wheeler's drug operation. . . Lamson was not merely Wheeler's customer.

Wheeler, 67 Fed.Appx. at 302, 305-306. Thus, essentially the same issues were litigated.

---

[38]Petitioner's Reply at pages 5-6.

[39]Petitioner's Brief at pages 12, 15-16.

12

Therefore, where there was evidence noted by both the district court and the Sixth Circuit Court of Appeals regarding the marijuana distribution conspiracy, a Motion for New Trial would not have been reasonably successful, even absent the procedural considerations. Thus, Petitioner is unable to show that but for, the failure to file a proper Motion for New Trail, he would not have been convicted of conspiracy to distribute 100 kilograms of marijuana.

**B.     Enhanced Guidelines**

Petitioner argues that his Sixth Amendment right to trial by jury was violated under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). First, Blakely was decided in 2004, almost three years after Petitioner was sentenced. Claims that a sentence was imposed in violation of Blakely are now governed by the intervening decision in United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005), and are not retroactive. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).

Humphress argued that his sentence was imposed in violation of Blakely, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. In Booker, __ U.S.__, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, the Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker's rule does not apply retroactively in collateral proceedings, we find this claim meritless. Humphress, 398 F.3d at 860. Therefore, any argument regarding Blakely or Booker fails because neither is retroactive to the present case.

13

Petitioner acknowledges that a challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), was made to the district court judge.[40] However, Petitioner still argues that Apprendi should be applied and that he should be sentenced in a manner consistent with same. In Apprendi, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be proven beyond a reasonable doubt. Petitioner did not raise Apprendi on direct appeal. He admits same.[41]

It is well settled law that the failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255. See United States v. Frady, 456 U.S. 152, 164-165, 167 (1982); Napier v. United States, 159 F.3d 956 (6th Cir. 1998). "The Frady cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." Regalado v. United States, 334 F.3d 520, 527-528 (6th Cir. 2003) (quoting Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993)). Therefore, Petitioner's arguments are barred because they were not raised on direct appeal.[42]

However, he could overcome the default in this case, but "he must first demonstrate either 'cause and actual prejudice,' e.g., Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986), or that he is 'actually innocent,' id., at 496, 106 S.Ct. at 2649." Bousley v. United States, 523 U.S. 614, 615, 118 S.Ct. 1604, 1607 (1998). He fails to do so. In United States v. Bender, 265 F.3d 464, 475 (6th Cir. 2001), the Court held that Petitioner had waived his Apprendi challenge on direct appeal, when it was raised for the first time at oral argument.

Additionally, although Petitioner argues that this case is similar to Reed v. Ross, 468 U.S. 1 (1984), in which the Court held that cause for failure to raise the issue under state procedures was

---

[40]Petitioner's Brief at pages 18-19 (citing Tr., Vol. 15, February 23, 2001, at pp. 58-61).

[41]Plaintiff's Reply at pages 9-11.

[42]Petitioner's Brief at pages 3, 7-8.

14

established because the "constitutional claim [wa]s so novel," he is incorrect.[43] Id. at 16. He argues that the term "statutory maximum" is novel.[44] However, contrary to his own assertions,[45] Petitioner cannot establish "cause" to overcome the procedural default because trial counsel raised the issue of Apprendi; thus, there is no novelty.[46] Petitioner fails to establish cause; therefore, a discussion of prejudice is unnecessary.

Nonetheless, an Apprendi claim would still fail on appeal. In United States v. Martinez, 253 F.3d 251, 256 n. 6 (6th Cir. 2001), the Sixth Circuit held that

> [t]he Appellants' argument rests on an untenably broad and erroneous reading of Apprendi. The Supreme Court in Apprendi expressly declined to overrule its earlier holding that sentencing factors may be used to increase the penalty for an offense under a preponderance of the evidence standard. See 120 S.Ct. at 2361, n. 13. Rather, Apprendi only requires those sentencing factors that increase the penalty beyond the statutory maximum to be submitted for proof beyond a reasonable doubt. Id. at 2362-2363 (emphasis added).

Martinez, 253 F.3d at 256, n. 6. Thus, under Apprendi, a judge may use a preponderance of the evidence standard in making a finding as to quantity as long as the sentence does not exceed the statutory maximum. Harris v. United States, 536 U.S. 545, 558 (2002); see also U.S. v. Leachman, 309 F.3d 377, 383 (6th Cir. 2002). Thus, Apprendi only applies if a fact increases the penalty for a crime beyond the prescribed statutory maximum. Harris, 536 U.S. at 558. The present Petitioner was convicted, in part, under 21 U.S.C. § 841(a). As the Sixth Circuit noted, "[i]n this case, the jury returned a special verdict form finding the Defendant guilty of conspiracy to distribute between 100

---

[43]Plaintiff's Reply at page 10.

[44]Plaintiff's Reply at page 10.

[45]Plaintiff's Reply at page 10.

[46]Although Apprendi was in place at the time of the present conviction, in Goode v. United States, 305 F.3d 378, 384-385 (6th Cir. 2002) (holding that Apprendi is not retroactive), the Court held that although Apprendi was a "new rule," it was not "a new 'watershed' rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding." This further supports denial of Petitioner's argument that Apprendi is "novel."

and 1,000 kilograms of marijuana." Wheeler, 67 Fed.Appx. at 303. Petitioner was sentenced to three hundred and sixty-five months, approximately thirty and one-half years. Therefore, he was sentenced within the statutory maximum under § 841(b)(1).

## V.     CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED.**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may ser ve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to this report.

                                              s/Wallace Capel, Jr.
                                              **WALLACE CAPEL, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

Date:   November 14, 2005

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 14, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Mark C. Jones, Assistant United States Attorney, 600 Church Street, Flint, Michigan 48502</u>.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Christopher J. McGrath, 42705 Grand River Avenue, Suite 201, Novi, Michigan 48375-1727</u>.

<u>s/James P. Peltier</u>
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov