UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDIE DENVER WHEELER,

                           Petitioner,        CRIMINAL CASE NO. 00-50032
                                                   CIVIL CASE NO. 04-40344

v.

                                                   HONORABLE PAUL V. GADOLA

UNITED STATES OF AMERICA,        U.S. DISTRICT COURT

                           Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

On April 28, 2006, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On May 30, 2006, Petitioner filed a motion for a certificate of appealability ("COA"). The Government filed a response to Petitioner's motion on June 2, 2006.

Pursuant to 28 U.S.C. § 2253, before a Petitioner may appeal a decision of this Court, the Court must determine if Petitioner is entitled to a COA. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a

threshold inquiry into the underlying merit of the petitioner's claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

In his motion for a COA, Petitioner lists five issues for appeal. This Court has conducted a threshold inquiry into each of Petitioner's five issues to ascertain if any one or more claims meet the requisite standard. Following this inquiry, the Court determines that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to three of the five claims presented. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484. When considering issues I, III, and IV, as numbered in Petitioner's motion for a COA, the Court finds that reasonable jurists would not debate this Court's conclusions or find that Petitioner's claims were deserving of further encouragement. *See Slack*, 529 U.S. at 484. In particular, the Court finds that reasonable jurists would not debate the merits of Petitioner's claim of ineffective assistance of counsel concerning the trial strategy taken by Petitioner's counsel by not calling certain witnesses, by bringing forth evidence of Petitioner's previous conviction for dealing cocaine, and by not filing a motion for a new trial. Further, the Court finds that reasonable jurists would not debate the question of the denial of the evidentiary hearing or the question of whether trial counsel erred in failing to object to evidence of gang involvement. Accordingly, Petitioner's request for a COA for issues I, III, and IV is denied.

For issues II and V of Petitioner's motion for a COA, the Court finds that Petitioner has sufficiently shown that reasonable jurists could debate this Court's conclusions. The Court notes that the United States Supreme Court is currently considering the case of *Burton v. Stewart*, Case No. 05-9222, which involves certain relevant sentencing issues under *Apprendi* and *Blakely*. Oral arguments in the *Burton* case were held before the Supreme Court on November 7, 2006. As this case may affect Petitioner's arguments on issues II and V of his motion for a COA, the Court finds

that there is a sufficient showing so as to permit Petitioner to proceed further on these issues. Consequently, the Court grants Petitioner's request for a COA on the two following issues:

II. Petitioner was sentenced after *Apprendi* was decided, but before *Blakely* and *Booker* were decided. Does the fact that Petitioner advanced an *Apprendi* challenge to enhancements applied by the Court at sentencing now entitle him to a correction of his sentence?

V. Has Petitioner sufficiently demonstrated cause and prejudice so as to excuse his failure to advance his *Apprendi* claim on direct review?

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's request for a COA of appealability for issues I, III, and IV, as numbered in Petitioner's motion for a COA, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a COA for issues II and V, as numbered in Petitioner's motion for COA, is **GRANTED**.

**SO ORDERED.**

Dated:  December 5, 2006          s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 5, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Mark C. Jones; Christopher McGrath                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                          .

                                  s/Ruth A. Brissaud
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845